NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0005n.06
Filed: January 6, 2009

No. 08-3391

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOHNSON COAL COMPANY, )
)
    Petitioner, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DEPARTMENT OF
BERTHA HALL SMITH, DIRECTOR, Office of )  LABOR BENEFITS REVIEW
Workers' Compensation Programs, United States, )  BOARD (BRB NO. 06-0957 BLA)
)
    Respondents. )
)

Before: DAUGHTREY and KETHLEDGE, Circuit Judges, and RESTANI, Judge.[*]

KETHLEDGE, Circuit Judge. Petitioner Johnson Coal Company petitions for review of the Benefits Review Board's decision finding Respondent Bertha Hall Smith, widow of Decedent Herbert B. Hall, entitled to an award of benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-45. We affirm.

I.

Bertha Hall Smith applied for survivor benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-45 (the Act) on February 23, 2001 after her husband Herbert B. Hall's death. Hall

_____

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

was exposed to coal dust while working as a coal miner for Johnson Coal Company from October 1958 to July 4, 1988. He also smoked one pack of cigarettes per day for 37 years.

Hall died on December 26, 2000 at the age of 60. Hall's treating physician—Dr. Koura—attributed his death to "emphysema due to arterial insufficiency" and "blockage due to coal worker's pneumoconiosis." By contrast, Johnson Coal's experts—Drs. Westerfield and Caffrey—opined that simple coal worker's pneumoconiosis did not cause or contribute to Hall's death. Instead, they found that his tobacco use did.

On August 8, 2006, the Administrative Law Judge found that pneumoconiosis caused Hall's death, and awarded survivor's benefits to Smith and her son pursuant to 20 C.F.R. § 718.205(c)(2). In so finding, the ALJ credited Koura's medical opinions and record of treating Hall for pneumoconiosis. The ALJ discredited Westerfield's and Caffrey's medical opinions in their entirety, finding that they were "contrary to the spirit of the Act" because they expressly denied that simple pneumoconiosis could cause death.

On appeal, the Benefits Review Board affirmed. The Board held that substantial evidence—namely, Koura's opinions—supported the ALJ's decision to grant benefits. The Board also held that the ALJ properly discredited Westerfield's and Caffrey's medical opinions.

This petition followed.

## II.

Our review is limited to whether substantial evidence supports the ALJ's conclusions. *See Gray v. SLC Coal Co.*, 176 F.3d 382, 387 (6th Cir. 1999). Johnson Coal contends that substantial evidence does not support the ALJ's decision to grant benefits, because Koura provided no reasoning

for his opinions. Whether a physician's opinion is sufficiently reasoned, however, is a matter of credibility. *See Peabody Coal Co. v. Groves*, 277 F.3d 829, 836 (6th Cir. 2002). And our court has expressly held that we lack authority to revisit an ALJ's credibility determinations in cases under the Act. *Id.* We also note that Koura did explain that pneumoconiosis caused Hall's death through "blockage."

We are constrained to hold, therefore, that the ALJ's decision was supported by substantial evidence. And given that holding, we regard Johnson Coal's remaining argument concerning the Westerfield and Caffrey opinions as moot.

III.

For these reasons, we affirm.